# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF CONNECTICUT

------------------------------

Josue Auguste

       Petitioner

3:01CV 1157 RNC

    -v-

**ORDER TO SHOW CAUSE**

Immigration and Naturalization Service
Department of Homeland Security
Board of Immigration Appeals
Attorney General Ashcroft

            Respondents

------------------------------

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The petition of Josue Auguste, complaining of the Respondent's, the Immigration and Naturalization, the Department of Homeland Security, the Board of Immigration Appeals and Attorney General Ashcroft, respectfully alleges:

1. Petitioner, Josue Auguste, is currently an inmate at the Franklin County House of Corrections. 160 Elm Street, Greenfield, Ma. 01301.

2. Respondent's, The Immigration and Naturalization Service, The Department of Homeland Security, The Board of Immigration Appeals and Attorney General Ashcroft of the United States of America.

WHEREFORE, , Petitioner respectfully requests that judgment entered pursuant to this Order to Show Cause as follows:

1. VACATING and setting aside the determination of Judgment entered against the Petitioner by the Board of Immigration Appeals, denying his Application for With-holding of Removal under the Convention Against Torture claim he had filed in May, 2004.

2. VACATING and setting aside his denial upon his application for a § 212 (c) waiver, in May of 2004.

3. BOTH of the named denial were made on a claim of untimeliness.

4. ALLOWING this Petition to be heard in this Court and for this Court to accept Jurisdiction on the Grounds that this Court has Jurisdiction on such named Civil Violations, and for this Court to hear and render a decision on this Order of Show Cause.

5.  DIRECTING Respondent's to expunge all entries of said determination and Ordering the Actions to be re-heard in the correct Court.

6.  GRANTING such further relief as this Court deems Fair and Just.


Dated: August 23,2004

Respectfully Submitted,

Josue Auguste, pro se

Sworn to before me this

23 day of August, 2004

*BRIAN T. TASSONE*

NOTARY

BRIAN T. TASSONE
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires Sep. 20, 2007

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Josue Auguste

        Petitioner

   -v-                     AFFIDAVIT IN SUPPORT
                                  OF ORDER TO SHOW CAUSE

Department of Homeland Security
Immigration and Naturalization
        Service
Board of Immigration Appeals
Attorney General Ashcroft

          Respondents

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

I Josue Auguste being duly sworn, deposes and says:

1. I am the Petitioner in the above-entitled proceeding.

2. I make this affidavit in support of my annexed application for an order to Show
   Cause to prosecute the attached petition pursuant to Civil Procedure and by which
   I challenge; (a). The Petitioners denial by the Board of Immigration Appeals on
   or about March 27, 2003 for a With-Holding of Removal; (b). And to address a
   question of why the Petitioner's request for redetermination of his Custody Status
   and his request for a bail hearing was never honored, but as can be seen from
   exhibit (A) he had requested on on September 10th of 2002; and (c) the Board of
   Immigration Appeals decision that the Petitioner's Application for CAT in May,
   2004. The Petitioner also in May of 2004 made application for § 212 (c) which
   was also denied due to a claim of untimeliness. The Petitioner brings forth this
   motion to obtain an Order of Show Cause in and of the facts that it denied him his
   Constitutional Rights.

   a. The Petitioner was arrested on December 26th of 1997 on a charge of
      Burglary in the 3rd Degree in the State of Connecticut and on April 3rd of

(1)

1998 was sentenced to a term of imprisonment of 15 months to be served in jail and 3 years Probation.

b. The Petitioner on the 13th of March, 2000, was arrested for a charge of Burglary Second Degree in the State of Connecticut he was sentenced to a term of 30 months to serve.

c. The Petitioner at the time he was sentenced in March of 2000, did so at his attorney's advise that his plea of guilty would have no effect on his being deported. There was an understanding in the Court at the time of his Plea that he was in fact a United States Citizen.

d. On the 27th of October, 2000 the INS placed a detainer against the Petitioner telling him he was now eligible to be deported.

3. The Petitioner has since applied for with-holding of removal, a number of times but each time the BIA and the Courts have found a reason why he should not be allowed to have a With-Holding of removal.

4. The Petitioner has a great many reasons as will be illustrated in the body of this Affidavit why the Court should order him a With-Holding of Removal as well as place the Petitioner on Bond while his case is heard.

The Petitioner has tried unsuccessfully to present to the Court an argument that the Court will be able to act upon, the Petitioner being a layman at the application of the law has had a very rough time trying to get what he wants to say, laid out in an order showing why he should not be removed from this Country.

1. The Petitioner at the time he was going through his Court proceedings put his faith as every-one of us should be able to do, in the advice of his Attorney as follows:

a. The Petitioner's attorney upon being asked by the Petitioner if he plead guilty would it affect his ability to being deported. He was told by his attorney that it would have no affect on it at all.

b. The Plaintiff having sought the advise of his attorney did as directed by his attorney and now is being put in jeopardy of being de-ported.

2. The Petitioner after having entered a motion to re-open his case in which he had applied for a deferral of removal under the Convention Against Torture on April 19th, 2004 against an order, which had been affirmed on March 27th, 2004 by the Board of Immigration Appeals, was denied again on the 16th of June, 2004 as untimely.

The Petitioner has been turned down each time on the grounds that his motions were untimely. The Petitioner cannot have made the motion any sooner as he had not received the information that he wanted to present in his desire to apply for a deferral of removal under the Convention Against Torture, for the following reasons:

1. The Petitioner did not have the report on Civil Rights violations in Haiti in time to enter it in his original motion.

   a. It would be ludicrous to believe that the United States Government would not allow information showing that if they deported an Illegal Alien he would suffer either torture or death at the hands of the existing government, to be brought into usage in his request for deferral of removal.

2. It would also be inconceivable that the Court would not make the presence of a document showing that the Petitioner had made a request for bond back in 2002, and never received an answer to his request still go unanswered;

   a. The attached exhibit shows where the Petitioner had made the request in September of 2002.

The Petitioner seeks to have this Court direct an order to the above named respondents, ordering them to come froth in this Court "Showing Cause" why they should not be brought forth to allow this Petitioner's right to re-opening and looking at the Petitioner's Plea for Deferral from Removal.

Respectfully Submitted,

Josue August

BRIAN T. TASSONE
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires Sep. 20, 2007

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

— — — — — — — — — — — — — — — — — — — — —

Josue Auguste, pro se
          Petitioner

        -v-                        ORDER DIRECTING ▮▮▮▮
                                     PENDING DETERMINATION

Immigration and Naturalization Service
Department of Homeland Security
Board of Immigration Appeals
Attorney General Ashcroft
          Respondents

— — — — — — — — — — — — — — — — — — — — —

      Upon the annexed verified petition of Josue Auguste, sworn to on the 23rd day of August, 2004, and the affidavit of Petition sworn to on this 23rd day of August, 2004 it is;

      ORDERED, that the Respondent's, the Immigration and Naturalization Service, the Department of Homeland Security, the Board of Immigration Appeals and the Attorney General Ashcroft, show cause before a Term of this Court, to be held in the District Court for the District of Connecticut, located at 450 Main Street, Hartford, Ct. on the thirteenth day after the mailing to all parties involved, should that day fall on a Saturday, Sunday or a Holiday, the motion will be returnable on the next working day, or as soon as Petitioner can be heard, why a judgment should not be entered in favor of the Petitioner according to the information brought forth.

1.  VACATING, the Respondents decision to deny Petition of Entry of Viable Information that would render upon entry a decision that would be favorable to the Petitioner, on the grounds of untimeliness.

    a.  The information denied was in reference to showing information that the Petitioner did not have access to at the time of his Application for relief under the Convention Against Torture.

2.  VACATING, the Respondent's denial of the Petitioner's § 212 (c) waiver, on the grounds of untimeliness.

3.  DIRECTING, the Respondent's to admit the Petitioner to release on his own recognizance or to have a reasonable bail set.

4.  GRANTING, such further relief as this Court deems just and proper. It is further:

      ORDERED, that pending the hearing of this special proceeding that the Respondent's and all other officers, employees, agents, attorneys and all other persons working in active concert or participation with Respondent's are stayed and prohibited from taking any action related to or enforcing any decisions made prior to the Court's reaching a decision in this matter. It is further

ORDERED, that service of a copy of this order, together with papers upon which it is granted, upon both the Respondents and any and all agents of the Respondent's, by mail, on or before the 15th day of October, 2004, shall be deemed sufficient.

Enter: _____

District Court Judge

*exhibit A*

U.S. Department of Justice
Immigration and Naturalization Service

# Notice of Custody Determination

File No: ___A19 401 307___
Date: _____

Josue AUGUSTE   aka:  Joe AUGUSTE

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.
☐ released under bond in the amount of $_____.
☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

_____
(Signature of authorized officer)

INS Officer in Charge
_____
(Title of authorized officer)

Hartford, Connecticut
_____
(INS office location)

☒ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.
☐ I acknowledge receipt of this notification.

_____          _____
(Signature of respondent)                              (Date)

---

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge     ☐ District Director     ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.          ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.                         ☐ Release - Personal Recognizance
☐ Bond amount reset to _____               ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

*Exhibit A*

## ADDENDUM

**Statement of Facts**

1. On September 25, 2002 the Honorable Judge W. Straus of the United States
   Immigration Court in Hartford, Connecticut granted the Petitioner, [Josue
   Auguste] Withholding of Removal under Statute § 241 (b)(3) of the I.N.A.
   Immigration and Nationality Act. (see Exhibit 12, as enclosed).

2. On September 30, 2002, I.N.S., D.H.S. sought reconsideration of the decision
   granting the Petitioner his Withholding of Removal, on the grounds that the
   Petitioner was statutorily ineligible for that particular form of relief. This
   alleged statutory ineligibility stems from a Six (6) year old conviction for one
   (1) count of Burglary in the third (3rd) degree, a class D felony for which the
   Petitioner was sentenced to Five (5) years Imprisonment, execution suspended
   after Fifteen (15) months to serve, with three (3) years probation. (see Exhibit
   11 and 23 as enclosed).

3. On October 30, 2002 the Immigration Judge overturned and rescinded his
   decision granting the Petitioner Withholding of Removal, and ordered the
   Petitioner removed to Haiti. (see Exhibit 13, as enclosed).

**Argument**

1. On April 3, 1998 during the Petitioner's sentencing for his Burglary 3rd
   conviction in the Superior Court in New London, the Honorable Judge Kevin
   P. McMahon, while canvassing the Petitioner and reading to the Petitioner his
   waivers and rights upon a conviction of guilt, failed to advise the Petitioner

1

the fact that he could be facing Deportation and/or the conviction could possibly be used at a later point as grounds to deport him. As stands right now the conviction is in fact being used against him as grounds to be deported six (6) years later. By I.N.S.

2. The Petitioner was appointed as Counsel, Attorney Bernard F. Segal from the Public Defender's Office. Attorney Segal , Judge McMahon and the entire court as a whole was relied upon by the petitioner to protect his rights. f█████. They failed to ascertain that the petitioners rights not be violated, and that he is fully informed and made aware of the significance and consequence his pleading guilty.

3. During the Petitioner's sentencing the Court failed to at anytime advise the Petitioner that by and through his plea he could as a result be leaving himself open to deportation. In addition the petitioner was not informed that the I.N.S could use the conviction as underlying grounds then or at a later date to initiate deportation proceedings against him. ( enclosed as exhibit B is a complete certified copy of the court transcript signed by Mara D. Simoneau Official Court Reporter and by Beverly Nording the person who monitored the tape the transcript was taken from).

**Conclusion**

The Petitioner respectfully requests that the Court having jurisdiction over the subject matter vacate or remand this matter back to the Immigration

Judge, who's decision was upheld by the Board of Immigration Appeals as
not being a sound matter for deportation of the Petitioner as his "Right to Due
Process" was violated in and for the fact that he was not given information
with which to make an informed decision to plead guilty, and by not having
been informed that he could be deported, from a plea of guilty, thus making
any decision by the I.N.S./ D.H.S. to deport him moot, as he was deprived of
his Constitutional Right to Due Process.

Respectfully Submitted,

Josue Auguste
160 Elm Street
Greenfiled, Ma. 01301

FAM

The next issue is whether the respondent has a establish whether it's more likely than not that he'd be tortured by the government of Haiti if he were return to Haiti.  The Court does not find there is sufficient evidence for the respondent to meet that burden or the Court certainly notes that the police in Haiti are corrupt, there's simply not enough evidence to show if he went to a Haitian prison that he would be treated differently from other individuals who are held in the Haitian prison system. The Board of Immigration Appeals has already held that merely being placed in the Haitian prison system is not a ground for withholding of removal under the Torture Convention.  See <u>Matter of J-E-,</u> 23 I&N Dec. (BIA 2002).

## ORDER

IT IS HEREBY ORDERED that the respondent's application for withholding of removal under Section 241(b)(3) of the Act is granted.

MICHAEL W. STRAUS
Immigration Judge

**MITTIMUS** JD-CR-38 Rev. 9-94

C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76
18-82, 54-2a, 54-64b, 54-92a, 54-96b, 54-97, 54-98
Pr. Bk. Sec. 929 - 932a

# STATE OF CONNECTICUT
## SUPERIOR COURT

**INSTRUCTIONS TO CLERK**
*Prepare a separate Mittimus for each file.*

**TO OFFICER**
*Original to receiving facility; return copy to court.*

[X] JUDGMENT
[ ] CONTINUANCE
[ ] FAILURE TO MEET CONDITIONS
OF RELEASE UNDER 54-2a

*Exhibit (11)*

**TO: Any Proper Officer**

| DOCKET NO. | NAME OF DEFENDANT | | DATE OF BIRTH | DATE SENTENCE TO BEGIN (If different) | DATE OF DISPOSITION |
|---|---|---|---|---|---|
| cr97-242033 | Josue Auguste | | 5-15-65 | 4-3-98 | 4-3-98 |

| NAME AND LOCATION OF RECEIVING FACILITY | NAME AND LOCATION OF COURT |
|---|---|
| Correctional Center | GA10 112 Broad St New London CT 06320 |

| | FIRST COUNT - STATUTE NO. | DATE OF OFFENSE | SECOND COUNT - STATUTE NO. | DATE OF OFFENSE | THIRD COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|---|---|
| [X] CRIME(S) CONVICTED | 53a-103 | 12-22-97 | | | | |
| | FOURTH COUNT - STATUTE NO. | DATE OF OFFENSE | FIFTH COUNT - STATUTE NO. | DATE OF OFFENSE | SIXTH COUNT - STATUTE NO. | DATE OF OFFENSE |
| [ ] CRIME(S) CHARGED | | | | | | |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 15mos | | | | | | |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

5yrs e/s after 15 mos to serve prob 3yrs

*(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)*

[ ] And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. *(A defendant may not be incarcerated for failing to pay fees or costs.)*

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |

[ ] The Defendant is entitled to sentence credit of _____ days.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

| TO BE HELD AT (Name and address of court) | | ON (Date) | SURETY BOND AMOUNT |
|---|---|---|---|
| | [ ] J.D. [ ] G.A. | | |

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

| SIGNED (Assistant Clerk) | By Order of the Court | DATE SIGNED | RECEIVING FACILITY TIME STAMP |
|---|---|---|---|
| L Masius | | 4/3/98 | 1998 APR -3 PM 1: 55 |

## ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT

I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY

Correctional Center

| | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVING OFFICER |
|---|---|---|
| S.D.sheriff | | |

*Exhibit (11)*

*Exhibit (23)*

Executive Office of Immigration Review
UNITED STATES IMMIGRATION COURT
Hartford, CT

237(a) (4)(b)
237(a) (4)(B)

## MOTION FOR APPROPRIATE RELIEF

In [X] Removal  [ ] Deportation Proceedings

---

AUGUSTE, Josue                    :    Today's Date: 9/30/02

A 19 401 307                      :    Next Hearing Date:  N/A

---

The Immigration and Naturalization Service:

[X]  Moves to have the IJ decision in the above captioned case reconsidered.

[ ]  Opposes the arguments contained in the Respondent's legal brief and [ ] Accepts

[ ]  Opposes  [ ] Does not oppose, the Respondent's motion to Reconsider or Reopen.

[ ]  Opposes  [ ] Does not oppose, the Respondent's motion to Terminate Proceedings.

[X]  <u>Service Motion to Reconsider</u>.

The Service moves the court to reconsider their decision granting withholding of removal.

On September 25, 2002 the court granted the Respondent withholding of removal under § 241(b)(3)(B) of the INA. The Service seeks reconsideration of this decision because the Respondent was statutorily ineligible for this form of relief. This statutory ineligibility stems from a conviction for burglary for which the Respondent was sentenced to (5) year's imprisonment. This conviction for a per se particularly serious crime is a bar to withholding of removal.

On March 12, 1998 the Respondent was convicted of Burglary in the 3rd Degree, C.G.S. § 53a-103. See Tab (A). The Respondent was sentenced to five (5) years' imprisonment, execution suspended after fifteen (15) months and probation for a period of three (3) years. As such the Respondent has been convicted of a particularly serious crime. See §241(b)(3)(B)(iv) (defining five-year sentence as a particularly serious crime), See also Matter of Q-T-M-T, 21 I&N

*exhibit 23*                              *Exhibit (23)*

Dec. 3300, (BIA 1996). During sworn testimony the Respondent explained that the offense in question involved the breaking and entering of a building, so there is no question that the offense is an aggravated felony as defined in § 101(A)(43) of the Act. Since the Respondent has been convicted of a particularly serious crime, he is not statutorily eligible for withholding of removal or asylum.

Finally, although not statutorily barred from seeking relief under the Convention Against Torture, during the previous hearing the Respondent did not establish that it is more likely than not that he would be taken into custody by the Government of Haiti and tortured. Even assuming automatic detention by the Haitian government, there is no evidence that he would be singled out for torture.

Therefore, the Service respectfully requests that the IJ reconsider his decision and order the Respondent removed to Haiti.

*John P. Marley*
Assistant District Counsel

## Certificate of Service

I hereby certify that a copy of this memorandum was mailed first class, postage prepaid, on the 3rd of October, 2002 to the Respondent , C/O HCC, 177 Weston Street, Hartford, CT 06120

*John P. Marley*
Assistant District Counsel

Exhibit (23)

*Exhibit (13)*

FAM

under the Convention Against Torture.  Accordingly, the Court has no other option but to render the respondent's removal to Haiti.

<u>ORDER</u>

IT IS HEREBY ORDERED that the respondent's application for asylum under Section 208 of the Act is denied.

IT IS FURTHER ORDERED that the respondent's application withholding of removal under Section 241(b)(3) of the Act is denied.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal under the Convention Against Torture is denied.

IT IS FURTHER ORDERED that the respondent be remove to Haiti.

```
MICHAEL W. STRAUS
Immigration Judge
```

A 19 401 307                    3                    October 30, 2002

*Exhibit 13*

*Exhibit (13)*

1

DOCKET NO. CR97-0242018,     : SUPERIOR COURT, G.A. 10
CR98-0242324, CR97-0242033,
and CR98-0242325

STATE OF CONNECTICUT       : NEW LONDON JUDICIAL DISTRICT

VS.                    : AT NEW LONDON

JOSUE AUGUSTE          : ON APRIL 3, 1998


BEFORE THE HONORABLE KEVIN P. McMAHON, JUDGE


APPEARANCES:

    For the State:

        EUGENE R. CALISTRO, JR., ESQ.
        Office of the State's Attorney
          112 Broad Street
          New London, Connecticut

    For the Defendant:

        JOSEPH F. SEGAL, ESQ.
        Office of the Public Defender
          112 Broad Street
          New London, Connecticut


              Monitored by: Beverly Nordling,
                       Court Recording Monitor
           Transcribed by: Mara D. Simoneau,
                       Official Court Reporter

Exhibit B

2

MR. CALISTRO:  Josue Auguste, Lines 4, 5, 6, 7 on the regular docket.

MR. SEGAL:  The plea has been entered already, Your Honor.  I think the sentencing is for today. You asked for a victim's notice --

THE COURT:  The letter, I had the letter.  What did I do with it.

MR. SEGAL:  Here's a copy of mine.

THE COURT:  What was the sentence?

MR. SEGAL:  The sentence was burglary three, five years, execution suspended, fifteen months -- after fifteen months; the second count, five years, execution suspended after fifteen months, concurrent, three years probation; total effective sentence, five years suspended after fifteen months.

MR. CALISTRO:  Nolle remaining charges.  PSI waived on a prior date?

MR. SEGAL:  Yes, PSI was waived.  The Judge wanted --

THE COURT:  All right, I'll just note -- what happened with the bartender?  That's the question, the factual basis here.  The bartender case at Carlos?

MR. CALISTRO:  I don't know if Your Honor has seen the letter.  I pass forward a letter from Mr. John Satti, probation officer.

THE COURT:  I've see -- yes, I'm asking about

the bartender case, the facts.

MR. SEGAL:  I think this is the report, Your Honor.  I think this one is.

THE COURT:  Everybody was talking about the church case so much.  I didn't even know a bartender was injured or anything.

(A discussion was held off the record.)

THE COURT:  Anything you want to say?

MR. SEGAL:  Just on the file on Line 7, Your Honor, I'd like it to have credit since December 26th.  Other than that, I think we've been over this numerous times --

~~THE COURT:  All right, I'm just going to~~ indicate on the record that -- probably was not as aware of the full extent -- I thought it was just a burglary at the restaurant because everyone talks more about the church case, and I didn't know there was an actual assault during the course of the burglary of the other one.  But everybody was so impressed that he helped get everybody's property back, that's why everybody went along with this.

Now, it's the first I knew was when I saw on the victim contact letter about the --

THE DEFENDANT:  May I say something, Your Honor?

THE COURT:  -- the bartender's complaint about being injured.  Yes.

4

MR. SEGAL:  I have nothing to add.  My client would like to address the Court.

THE DEFENDANT:  When I spoke to the detective he didn't really know anything about the bar -- I'm the one that, you know, spoke up and told him about it.  As far as my attorney was concerned, I told him everything before I even spoke to my attorney.  I fully cooperated with him on certain --

THE COURT:  That's the only reason you're getting....

THE DEFENDANT:  And on the second count on the burglary, I was on my way bringing these things --

THE COURT:  This was a Hauser deal.  I can't believe it.  All right, five after fifteen, probation three, restitution.

MR. SEGAL:  Thank you, Your Honor.

*          *          *

5

# C E R T I F I C A T I O N

I, Mara D. Simoneau, Official Court Reporter, do hereby certify that the within and foregoing is a true and correct transcription of the tape recording monitored by Beverly Nordling, Court Recording Monitor, in the matter of State of Connecticut versus Josue Auguste, heard before the Honorable Kevin P. McMahon, a Judge of the Superior Court, G.A. 10, in the Judicial District of New London, at New London, on the 3rd day of April, 1998.

Dated this ___5th___ day of _August_ , 2003.

Mara D. Simoneau,
Official Court Reporter

## CERTIFICATE OF SERVICE

I certify that I mailed to the following by First-Class, U.S. Postage, Pre-paid, B.I.A.

at 5201 Leesburg Pike Suite 1300, Falls Church, Virginia, 22041, to Douglas P.

Morabito, Esq. at U.S. Attorney's Office, 152 Church Street P.O. Box 182, New Haven,

Connecticut, 06501, to Edward J. McElroy, Esq., I.N.S. Office, 450 Main Street,

Hartford, Connecticut and to Attorney General John Ashecroft, U.S. Dept. Of Justice.,

955 N.W. Pennsylvania Ave. Washington, D.C., 20553.

Josue Auguste, pro se
160 Elm Street
Greenfield, Ma. 01301